## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

FRANKIE WAYNE POPE,                       :
                                          :
              **Plaintiff,**              :
                                          :
    **V.**                                :
                                          :      **NO. 4:22-cv-00185-CDL-MSH**
STATE OF GEORGIA, *et al.*,               :
                                          :
              **Respondents.**            :
─────────────────────────                 :

## <u>ORDER OF DISMISSAL</u>

Plaintiff Frankie Wayne Pope, a prisoner in Hays State Prison in Trion, Georgia, has filed an action on a civil rights complaint form for a complaint under 42 U.S.C. § 1983.  Compl., ECF No. 1.  Plaintiff has also filed a motion to proceed in this action *in forma pauperis*.  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

In the complaint, Plaintiff appears to be asking this Court to consider certain evidence in his habeas corpus case, *Pope v. Sprayberry*, Case No. 4:22-cv-00035-CDL-MSH.  The Court notes that Plaintiff's habeas corpus petition was dismissed on December 5, 2022, shortly after the present case was filed.  This new complaint is not a proper method of seeking to introduce evidence in Plaintiff's habeas case.

Regardless, even if this Court were to consider this case as a new § 1983 action, dismissal is appropriate.  In this regard, the Court finds that Plaintiff may not proceed *in forma pauperis* because more than three of his prior federal lawsuits were dismissed on grounds that count as "strikes" under 28 U.S.C. § 1915(g), and Plaintiff has not alleged that he is in imminent danger of serious physical injury.  Accordingly,

Plaintiff's motion to proceed *in forma pauperis* is now **DENIED**, and his complaint is

**DISMISSED WITHOUT PREJUDICE**, as set forth below.

Federal law bars a prisoner from bringing a "civil action" in federal court *in*

*forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained
> in any facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or fails
> to state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."   Under

§ 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal

dismissed on the grounds that it is frivolous or malicious or fails to state a claim.   *See*

*Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).   Once a prisoner incurs

three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited:

leave to proceed *in forma pauperis* may not be granted unless the prisoner is under

imminent danger of serious physical injury.   *Id.*

A review of court records on the Federal Judiciary's Public Access to Court

Electronic Records ("PACER") database reveals that Plaintiff has filed various federal

lawsuits and that at least three of his complaints or appeals have been dismissed as

frivolous or malicious or for failure to state a claim.   *See, e.g., Pope v. Ella*, Case No.

4:21-cv-00079 (N.D. Ga. Dec. 8, 2021) (dismissing for failure to state a claim), ECF

No. 9; *Pope v. Allen*, Case No. 2:17-cv-00072 (S.D. Ga. Oct. 23, 2017) (dismissing for

abuse of the judicial process), ECF No. 12; *Pope v. Crickmar*, Case No. 4:15-cv-00142-

CDL-MSH (M.D. Ga. Sept. 22, 2015) (dismissing for failure to state a claim), ECF No. 6. Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's complaint relates to some of his previous court cases. Nothing in his allegations suggests that Plaintiff is any danger of serious physical injury, much less imminent danger. Accordingly, Plaintiff's motion to proceed in this action *in forma pauperis* is **DENIED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

---

[1]In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice,

**SO ORDERED**, this 4th day of January, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

allowing the Plaintiff to refile upon payment of the full $402.00 filing fee.